UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| TERRANCE Q. WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:12-CR-54-RLJ-MCLC-1 |
| | ) | 2:16-CV-222-RLJ |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's supplemented pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Docs. 332, 342, 354]. This Court stayed the action pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) [Doc. 343]. Recently, the United States filed a motion to deny and dismiss the petition [Doc. 370]. In response, Petitioner filed a pro se motion to lift the stay and grant his prior-requested relief based on *Johnson v. United States*, 135 S.Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016) [Doc. 371]. For the reasons below, Petitioner's request to lift the stay and the United States' motion to deny and dismiss [Docs. 370, 371] will be **GRANTED** and Petitioner's supplemented § 2255 motion [Docs. 332, 342, 354] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

In 2013, Petitioner pled guilty to conspiring to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C) [Docs. 193, 206, 283]. Based on two prior convictions—a New York conviction for second-degree robbery and a conviction for possession of a controlled substance with intent to sell, the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States

Sentencing Guidelines [*See generally* Presentence Investigation Report (PSR)]. In accordance with that designation, this Court sentenced petitioner to 130 months' incarceration and six years' supervised release [Doc. 283]. Petitioner appealed, but the Sixth Circuit granted his request to voluntarily dismiss that action on August 20, 2014 [Doc. 289]. He did not seek a writ of certiorari.

Almost two years later—on June 27, 2016, Petitioner filed a pro se petition for collateral relief based on *Johnson*, which held that the residual provision of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [Doc. 332]. During pendency of the appeal, Petitioner filed two supplements. The first—filed on August 26, 2016—contained additional arguments in favor of *Johnson*-based collateral relief from Petitioner's career offender enhancement [Doc. 342 (appending article discussing post-*Johnson* status of New York second-degree robbery as a predicate crime of violence under Section 4B1.1)]. The second—filed on January 9, 2017—asserted a related, but novel ground for relief: *Mathis* removed his prior drug conviction from Section 4B1.2's definition of "controlled substance offense" [Doc. 354].[1] Noting that Petitioner's entitlement to collateral relief for the *Johnson*-based challenge hinged on whether or not *Johnson*'s holding applied retroactively to the Guidelines, this Court stayed resolution of the action pending the Supreme Court's decision in *Beckles* on September 7, 2016 [Doc. 343].

---

[1] In *Mathis*, the Supreme Court held that: (1) a prior conviction does not qualify as a generic form of a predicate violent felony for purposes of the ACCA if an element of the crime of conviction is made broader than an element of the generic offense by way of an enumerated list of alternative factual means for satisfaction of the former; and (2) Iowa's burglary statute—which defines "structure" to include any building, structure, [or] land, water, or air vehicle"—had a broader locational component than generic burglary. 136 S. Ct. at 2247–48, 53–54. Because the "structure" element of Iowa's burglary statute was broader than the parallel element of generic burglary, the Court concluded that the petitioner's prior convictions were incapable of supporting enhancement under the enumerated-offense clause. *Id.* at 2257.

On March 6, 2017, the Supreme Court decided *Beckles* and held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. at 894. Two weeks later, this Court entered an Order (1) explaining that *Beckles* necessarily meant that "*Johnson* . . . does not undermine sentences based on Guideline enhancements;" (2) instructing the parties to "file any motion that they want[ed] the Court to consider in conjunction with, or prior to, ruling on [the instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be filed on or before April 15, 2017 [Doc. 366]. On April 1, 2017, the United States filed a motion to dismiss Petitioner's *Johnson*-based challenge to his career offender designation in light of *Beckles* [Doc. 370]. In response, Petitioner requested that this Court lift the stay and grant his supplemented request for collateral relief based on *Johnson* and *Mathis* [Doc. 371].

## II.  TIMELINESS OF SUPPLEMENTED PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case. i.e., he has not

3

established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. As such, timeliness of the supplemented petition depends on whether submission of the grounds for relief therein complied with subsections (f)(1) and (f)(3).

### A. Timeliness of Supplemented Petition Under Subsections (f)(1) and (f)(3)

For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—a "conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Where a defendant pursues direct review through to a petition for certiorari in the United States Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. *Clay v. United States*, 537 U.S. 522, 532 (2003). In alternative, when a defendant pursues a direct appeal but does not petition the United States Supreme Court for certiorari, his judgment becomes final when the time expires for filing such petition—ninety days after entry of the intermediate appellate court's judgment. *Id.*; *see also* Supreme Court Rule 13(3) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate."). Petitioner's conviction became final for purposes of subsection (f)(1) ninety days after the Sixth Circuit granted his motion to voluntarily dismiss— on November 18, 2014. The window for requesting timely relief under subsection (f)(1) expired one year later—on November 18, 2015, seven months before Petitioner filed the original petition [Doc. 332], nine months before he filed the *Johnson*-based supplement [Doc. 342], and more than one year before he filed the supplement asserting a novel challenge based on *Mathis* [Doc. 354].
.

To the extent Petitioner attempts to rely on subsection (f)(3)'s independent one-year filing period for newly-recognized rights made retroactively applicable on collateral review as justification for submitting the petition and supplements after November 18, 2014, only his claim for collateral relief based on *Johnson* even arguably satisfies the conditions required to trigger that provision. *See* 28 U.S.C. § 2255(f)(3) (requiring reliance on a newly recognized and retroactively applicable right); *see also Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition).

By contrast, Petitioner's *Mathis*-based challenge to use of his prior drug offense as a controlled substance offense Under Section 4B1.1(a)(3) does not assert a newly recognized right and thus cannot rely on the one-year filing window under subsection (f)(3). *Mathis* involved application of the categorical approach first adopted by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 599 (1990), and refined in *Descamps v. United States*, 133 S. Ct. 2276 (2013), to a new set of facts. *See Mathis*, 136 S. Ct. at 2281 (citing "longstanding principles" and noting that prior "cases involving the modified categorical approach [had] already made exactly [the same] point"); *Id.* at 2257 ("Our precedents make this a straightforward case. For more than [twenty-five] years, we have repeatedly made clear that application of the [Armed Career Criminal Act (ACCA)] involves, and involves only, comparing elements."). As such, the holding of that case cannot be characterized as articulating a "rights-creating rule," i.e., a newly recognized right within the scope of § 2255(f)(3). *See, e.g.*, *Henderson v. United States*, No. 16-00572, 2016 WL 4967898, at *2 (W.D. Mo. Sept. 16, 2016) ("[The] *Mathis* [decision] does not present a new rule

5

or procedure."); *Leone v. United* States, No. 95-00960, 2016 WL 4479390, at *8–9 (S.D. Fla. Aug. 24, 2016) (noting that the *Mathis* decision did not articulate a "new rule" within the meaning of subsection (f)(3)). As such, timeliness of Petitioner's *Mathis*-based ground depends on tolling.

### B. Equitable Tolling of Subsection (f)(1)

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [his] way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

Review of the original filing, supplements, and recent motion to lift the *Beckles*-based stay, fail to reveal any extraordinary circumstance justifying Petitioner's failure to challenge the status of his prior drug offense under Section 4B1.1(a)(3) within the window permitted by subsection (f)(1). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness). Because the *Mathis*-based claim is untimely, it will be dismissed.

6

**III.   MOTION TO DISMISS WITH PREJUDICE**

In addition to the petition, this Court is in possession of the United States' request to deny and dismiss Petitioner's collateral challenge to his career offender designation in light of *Beckles*. In response, Petitioner filed a motion to lift the stay and grant his prior-requested relief based on *Johnson* and *Mathis* [Doc. 371]. For reasons that follow, the motion to dismiss will be granted.

**IV.   TIMELY *JOHNSON*-BASED COLLATERAL CHALLENGE**

**A.   Standard of Review**

To obtain relief under 28 U.S.C. § 2255, Petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

**B.   Analysis**

The supplemented petition contains a single timely ground for collateral relief, arguing that *Johnson* and *Mathis* removed New York second degree robbery from Section 4B1.2's definition of "crime of violence" and that, without that conviction, Petitioner lacks sufficient predicates for career offender enhancement [Docs. 332, 342, 354].[2]   The United States opposes the requested relief because New York second-degree robbery remains a crime of violence in light of *Beckles*.

---

[2]   The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug

### 1. Merits of *Johnson*-Based Guideline Challenge

To the extent that Petitioner challenges his career offender designation based on *Johnson* and *Mathis*, that argument fails because the Guidelines are not subject to void for vagueness analysis. *Beckles*, 137 S. Ct. 894. As a result, Petitioner's prior New York conviction for second-degree robbery remains a crime of violence under Section 4B1.1. Divisibility of the relevant criminal provision under *Taylor*, *Descamps*, and *Mathis* is irrelevant since viability of the residual provision means that the robbery offense categorically qualifies as a crime of violence under a combination of the enumerated-offense, use-of-physical-force, or residual clauses.[3]

---

offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

[3]    To determine whether a particular offense qualifies as a crime of violence under Section 4B1.1, courts must first identify the precise crime of conviction. *Descamps*, 133 S. Ct. at 2285. They do so by employing a "categorical approach," under which courts look "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283 (internal quotations omitted). If violation of the statute invariably involves the use, attempted use, or threatened use of violent force or falls within the generic definitions of burglary, arson, or extortion, then the conviction categorically qualifies as a crime of violence and the courts' task is complete. It is only when the statute criminalizes conduct in excess of that covered by the viable clauses under Section 4B1.2, that courts must determine whether the statute is divisible or indivisible.

## V. CONCLUSION

For the reasons discussed above, Petitioner's request to lift the stay and the United States' motion to deny and dismiss [Docs. 370, 371] will be **GRANTED** and Petitioner's supplemented § 2255 motion [Docs. 332, 342, 354] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge